UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tristan Tskhvedadze, individually and on behalf of all others similarly situated;<br><br>        Plaintiff,<br><br>  -v.-<br><br>Portnoy Schneck, L.L.C.;<br>Cavalry SPV I, LLC.<br><br>        Defendant. | Civil Action No: 1:21-cv-3924<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Tristan Tskhvedadze (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendants Portnoy Schneck, L.L.C. ("Portnoy"); and Cavalry SPV I, LLC ("Cavalry"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Portnoy Schneck, L.L.C. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595.

9. Upon information and belief, Defendant Portnoy is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Cavalry SPV I, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o Defendant Portnoy at 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595.

11. Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   1) all individuals with addresses in the State of New York;

   2) to whom Defendant Portnoy sent a response to a consumer dispute;

   3) on behalf of Defendant Cavalry;

   4) attempting to collect a consumer debt;

   5) that deceptively and misleadingly fails to clearly state the balance due;

   6) which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   1) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   2) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

3) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

4) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

5) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to July 13, 2020, an obligation was allegedly incurred by Plaintiff to Citibank, N.A. (the "debt").

23. The alleged obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

24. The alleged Citibank, N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Citibank, N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. The alleged Citibank, N.A. debt was sold to Defendant Cavalry.

27. Cavalry collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

28. Upon information and belief, Defendant Cavalry contracted with Defendant Portnoy to collect the alleged debt.

29. Defendant Portnoy collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

<u>*Violation – July 13, 2020 Collection Letter*</u>

30. On or about July 13, 2020, Defendant Portnoy sent Plaintiff in an attempt to collect a debt, a response to a dispute made by Plaintiff regarding the alleged debt, originally owed to Citibank, N.A. (See a true and correct copy of the 7-page response letter attached as **Exhibit A** and hereinafter the "Letter").

31. The top of page 1 of the Letter includes a balance itemization of the debt as follows:

| | |
|---|---|
| Our Client/Current Creditor: | CAVALRY SPV I, LLC |
| Our File Number: | REDACTED |
| Original Creditor: | Citibank, N.A. |
| Total amount of the debt due as of charge-off: | $2,802.60 |
| Total amount of interest accrued since charge-off: | $0.00 |
| Total amount of non-interest charges or fees accrued since charge-off: | $0.00 |
| Total amount of payments and/or credits made on the debt since charge-off: | $42.31 |
| Total amount of the debt due: | $2,760.29 |

32. Pages two through six contain an affidavit of facts and sale of the alleged debt by original creditor Citibank, N.A. to Defendant Cavalry.

33. The final page of the Letter, page seven, contains a final billing statement from original creditor Citibank, N.A. (Billing period: 6/25/19-7/22/19) which list the final balance as $2,802.60.

34. Although the Letter was written in response to Plaintiff's request for validation and substantiation of the debt, Defendant's Letter contained no explanation as to what the supposed "payment and/or credits made on the debt since charge-off" were.

35. The Letter contains no explanation as to what would have changed the balance from the last statement provided until now.

36. In fact the Citibank, N.A. statement indicates no such payment or credit was made and no further information was provided by Defendant.

37. Upon information and belief, Plaintiff did not make a payment "since charge-off".

38. The Letter is confusing and misleading. The Plaintiff was left wondering if he must pay the balance listed as of charge-off as the Citibank, N.A. statements indicate or the balance listed on the debt collector's Letter.

39. The Letter did not provide any explanation in page one as to what the supposed credit could be and why the balance was lowered from that which was listed in the Citibank, N.A. statement.

40. The omission of an explanation leaves open several options in the mind of a consumer; either:

   1) the Defendants' intend to forgo the last interest payment of $42.31, listed in the Citibank, N.A. statement, or

   2) the Defendants made a mistake on the "Total amount of the debt due" on page 1, which would leave the Plaintiff with a remaining balance due, should he opt to pay the "full" $2,760.29 balance, as listed on page 1.

41. Therefore, the Letter provided by the Defendants which ostensibly intended to validate the Plaintiff's debt has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the Letter.

42. The Plaintiff could not determine the correct amount owed from the Letter because two different balances were provided without any explanation for the difference between the balances.

43. Plaintiff was concerned and confused by the Letter and was therefore unable to evaluate his options of how to handle this debt.

44. The Letter is therefore false, misleading, unfair, illegal, unconscionable, and deceptive.

45. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

46. Because of the Letter, Plaintiff expended time, money, and effort in determining the proper course of action.

47. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

48. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

49. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

50. As a result of the Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

53. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. Defendants violated §1692e:

   1) as the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2);

   2) by making a false and misleading representation in violation of §1692e(10).

55. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violation various provision of the FDCPA, including but not limited to, 15 U.S.C. §1692f.

58. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

59. Defendant violated this section by unfairly and unconscionably collecting the alleged debt, as described above.

60. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorney's fees.

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tristan Tskhvedadze, individually and on behalf of all others similarly situated, demands judgment from Defendant Portnoy as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
July 12, 2021

/s/ Uri Horowitz
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8700
Fax: (718) 705-8705
*Attorneys For Plaintiff*